**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-0551 DOC (MLGx)            Date: August 15, 2008

Title: CITY OF LAKE FOREST v. LAKE FOREST BODY CENTRE, etc., et al.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                 Date:_____ Deputy Clerk: _____

PRESENT:

                      THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                            Not Present
    Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

PROCEEDING (IN CHAMBERS): AWARDING FEES

       On May 15, 2008, one month before trial in a Superior Court action against him, Defendant Charlie Abujudeh asserted a federal counter-claim and removed the case on that basis. In its Order of July 8, 2008, this Court found removal objectively unreasonable and indicated that it was inclined to award reasonable attorneys' fees based on an application and supporting documentation. On July 18, 2008, Plaintiff City of Lake Forest filed a Motion for attorneys' fees.

       The Court has broad discretion under the removal statute, 28 U.S.C. § 1447(c), to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704 (2005); *see also Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978-79 (9th Cir. 2008) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

       Plaintiff seeks a total of $13,410.60 in fees and costs. Of this total, $8,059.20 represents the cost of responding to the removal. Thus, it was clearly "incurred as a result of the removal."

However, Plaintiff incurred $2,978.40 in responding to request for a continuance.  While this continuance may have been a dilatory tactic, response to it was not clearly associated with removal.  Not all costs of proceeding in federal court are "a result of removal."  Further, the amount claimed for responding to a simple request for a continuance seems excessive.  Accordingly, Plaintiff is not entitled to this component.  Finally, Plaintiff incurred $2,373.00 in seeking fees.  So called "fees-on-fees" are appropriate, particularly where, as here, the Defendant refused to stipulate to fees.  *See Muscare v. Quinn*, 680 F.2d 42, 44 (7th Cir. 1982) ("For rather obvious practical reasons we are loath to disturb a ruling by a district judge on a request for second-round attorneys' fees.")

Accordingly, the Court hereby AWARDS Plaintiff  $10,432.20 in attorneys' fees.

The Clerk shall serve this minute order on all parties to the action.